UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| MICHAEL ROSS, )<br>)<br>Plaintiff )<br>)<br>v. )<br>)<br>PHH MORTGAGE CORPORATION, )<br>)<br>Defendant ) | 2:23-cv-00255-SDN |

**ORDER ON DISCOVERY ISSUE**

The Court held a telephonic conference on December 30, 2024, to discuss a discovery issue. After consideration of the issues and the parties' arguments, for the reasons stated on the record, the Court finds and orders:

1. If Defendant intends to conduct the deposition of Attorney Thomas Cox, Defendant must serve Mr. Cox with a new subpoena. If Defendant is unable to serve Mr. Cox with the subpoena and Defendant believes it has grounds for alternate service of the subpoena, Defendant may file a motion for alternate service.

2. If the subpoena is served upon Mr. Cox and Mr. Cox or Plaintiff believes there are grounds to quash the subpoena or for a protective order, Mr. Cox or Plaintiff may file an appropriate motion.[1]

---

[1] Mr. Cox has reserved his right to object to any inquiry or request for documents that implicate the attorney-client privilege or work product doctrine. The telephonic hearing included a brief discussion as to whether the work product protection or privilege belonged to the client or counsel. "Unlike the attorney-client privilege, the work product privilege belongs to the attorney as well as the client and cannot be waived by the client alone." *AP Links, LLC v. Russ*, 299 F.R.D. 7, 12 (E.D. N.Y. 2014) (citations omitted); *see also*, *Gagne v. Ralph Pill Elec. Supply Co.*, 114 F.R.D. 22, 27 (D. Me. 1987) (work product protection "belongs to both the client and attorney").

## NOTICE

Any objections to this order shall be filed in accordance with Federal Rule of Civil Procedure 72.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 31st day of December, 2024.